IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Terencio Gibbs, | ) |
| Plaintiff, | ) C/A No. 0:07-04058-GRA-PJG |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Florence County; | ) |
| Investigator Burt Turner, | ) |
| Defendants. | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the parties' cross motions for summary judgment. (Docket Entries 23, 28.) The plaintiff, James Terencio Gibbs ("Gibbs"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 claiming that the defendants, Florence County and Investigator Burt Turner, an arson investigator with the Florence County Sheriff's Office, violated his constitutional rights by unlawfully conducting a search and seizure and arresting him without probable cause on charges of burglary, larceny, and arson.[1]

## PROCEDURAL HISTORY

Both parties have moved for summary judgment. (Docket Entries 23, 28.) By order of this court filed April 9, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Gibbs was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately. (Docket Entry 24.) Gibbs filed a motion for summary judgment responding in opposition to the defendants' motion for summary judgment on May 12, 2008. (Docket Entry 28.) The defendants filed a reply to Gibbs's response on May 16, 2008. (Docket

---

[1] It appears that the criminal charges against Gibbs arising out of the matters at issue in this case were ultimately dismissed by the Solicitor for Florence County. (Docket Entries 36-2, 39.)



Entry 31.) Gibbs filed a supplemental memorandum on January 30, 2009. (Docket Entry 36.) The defendant responded to this filing on February 9, 2009. (Docket Entry 39.) The motion is now before the court for a Report and Recommendation.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure

in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir.1990).

## DISCUSSION

To state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege: (1) that he or she was injured; (2) by the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States; (3) by a person acting under color of state law. See 42 U.S.C. § 1983. The defendants raise several grounds which they assert entitle them to summary judgment on Gibbs's claims.

As an initial matter, a county may be sued as a "person" under 42 U.S.C. § 1983 if the alleged unconstitutional action implements or executes a government policy or custom. See Mills v. Greenville County, 586 F. Supp. 2d 480, 485-86 (D.S.C. 2008) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978)). Gibbs does not complain about any policy or custom implemented by Florence County that resulted in the alleged unconstitutional action. Therefore, defendant Florence County should be dismissed from this action.

To the extent that Gibbs intended to name the Florence County Sheriff's Department as a defendant in this matter, (see Compl., Docket Entry 1 at 2), the court observes that the sheriff's department is not a "person" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983."). As an arm of the State, the Florence County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution. See McCall v. Williams, 52 F. Supp. 2d 611, 623 (D.S.C. 1999) (holding that the county sheriff's department as an arm of the state is entitled to Eleventh Amendment immunity). Defendant Turner,

to the extent he is sued in his official capacity, is similarly immune from suit. Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state and cannot be sued in their official capacities).

Moreover, to the extent Defendant Turner is sued in his individual capacity, he is entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). Because the unrefuted evidence establishes that the Defendant Turner reasonably believed, based upon the warrants he obtained, that he had probable cause to arrest Gibbs and search his mother's residence, Gibbs cannot establish that Turner knowingly violated the law. See Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000) (holding that officers who act pursuant to a warrant and who reasonably believe that the warrant is supported by probable cause are entitled to immunity from suit); Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law").

Finally, the defendants are entitled to summary judgment because Gibbs cannot show that the search and arrest were not supported by probable cause. The defendants have supported their motion with affidavits and exhibits showing that the search, seizure, and arrest were made upon warrants issued by a Florence County magistrate. (Turner Aff., Docket Entry 23-3; Turner Narrative, Docket Entry 23-4; Search Warrant with Aff. in Supp. dated June 26, 2007, Docket Entry 23-6; Arrest Warrants dated June 28, 2007, Docket Entry 23-7; Search Warrant with Aff. in Supp. dated July 10, 2007, Docket Entry 23-8; Search Warrant with Aff. in Supp. dated Dec. 19, 2007, Docket Entry 23-9.) A review of the warrants and supporting affidavits shows that the magistrate

had probable cause to issue the warrants in that, among other things, Gibbs was an employee of the restaurant that had been subject to burglary, larceny, and arson; the crimes appeared to have been committed by a person with inside knowledge of the restaurant; Gibbs had a criminal history of behavior similar to that which occurred in the case at issue, as he had previously been convicted for second degree burglary involving theft of checks and cash from a lockbox; Gibbs's shoe print visually matched that on the plexiglass window that had been broken in the burglary; Gibbs's girlfriend's sister had provided law enforcement with information that Gibbs habitually called her sister at the same time every night, which was during the time the burglary and arson at issue occurred, but failed to call her on the night of the burglary; and Gibbs was in possession of coin wrappers following the theft from the cash box of the restaurant.  Accordingly, Gibbs cannot show that the search and arrest violated the Constitution.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants's motion for summary judgment (Docket Entry 23) be granted, and that the plaintiff's motion for summary judgment (Docket Entry 28) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 16, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).